UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL POUPART (#357073)                                CIVIL ACTION NO.

VERSUS                                                23-275-BAJ-EWD

DONNIE BORDELON, ET AL.

## ORDER

Plaintiff Paul Poupart ("Poupart"), who is representing himself and who is confined at the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana, filed this suit on or about April 4, 2023 against Donnie Bordelon, James LeBlanc, Stephanie Michel, John Doe, Jane Doe, John Prejean, Dr. Jane Doe, Kirt Guerin, Timothy Hooper, Dr. Jonathon Roundtree, and Dr. Hal McMurdo under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional and federal statutory rights.[1] Though Poupart describes a lack of adequate nutrition and other care that he claims has resulted in a serious deterioration in his health, including continuous infections and tooth decay so severe it required removal of nearly all his teeth,[2] Poupart has failed to provide this Court with a timeline of requests for care and treatment, or to adequately name individuals who provided or failed to provide care. Instead, he has given general descriptions of the alleged lack of care he received and of his symptoms, and he has named many defendants against whom he makes no factual allegations. As currently pleaded, the Complaint does not adequately state a claim to survive the screening required by 28 U.S.C. §§ 1915(e) and 1915A.[3]

---

[1] R. Doc. 1.

[2] *See* R. Doc. 1.

[3] Poupart *may* state a claim for deliberate indifference to a serious medical need against Dr. Hal MacMurdo, as he alleges that, at the instruction of Dr. MacMurdo, EHCC stopped providing Poupart with dietary supplements allegedly due to cost and generally stopped the special diet previously prescribed by Dr. Roundtree. R. Doc. 1, pp. 10-11. Poupart alleged "Hunt's only feeds 3 times a day of food I can't eat." R. Doc. 1, p. 11. Reading this in the light most favorable to Poupart, EHCC, under the direction of Dr. MacMurdo, stopped giving Poupart his prescribed diet. However, even the claim against Dr. MacMurdo is tenuous, at best, because Poupart also makes allegations in the Complaint to indicate his body mass index (BMI) increased, which appears to have affected the decision to take

To successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily state a set of facts that shows each defendant's participation in the alleged wrong.[4] For supervisory defendants, who did not directly participate, a plaintiff must show that the defendant established policies that are the cause of the alleged violation or breached a duty under state law.[5] In Poupart's Complaint, Defendants Donnie Bordelon, James LeBlanc, Stephanie Michel, John Doe, Jane Doe, John Prejean, Kirt Guerin, and Timothy Hooper appear to be named strictly because of their supervisory roles.[6] As to Defendants Dr. Roundtree, Dr. MacMurdo, and Dr. Jane Doe, although Poupart alleges that these Defendants directly treated him, he does not provide specific details of his care, or what he alleges any of them did (or did not do) that caused him harm.[7] Rather than dismissing any of Poupart's claims at this time, he will be given another opportunity to allege specific facts that he believes support his claims against the defendants, if possible.[8] Accordingly,

**IT IS ORDERED** that, by no later than **May 2, 2024**, Plaintiff Paul Poupart must file an amended complaint on the standardized § 1983 lawsuit form, stating specific facts to support his claims against any individual or entity he wishes to name as a Defendant. In any amended

---

Poupart off his special diet and which would constitute a matter of medical judgment. Further, though based on Poupart's alleged symptoms, it seems some medical problems persist that call into question the viability of the medical care he is receiving, the Court cannot infer a deliberate indifference claim from the facts as alleged because the doctrine of *res ipsa loquitur* does not apply. *Fortune v. McGee, et al.*, No. 12-88, 2013 WL 4787351, at *5 (S.D. Miss. Sept. 6, 2013) ("*Res ipsa loquitur*, however, cannot be used to prove deliberate indifference.").

[4] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

[5] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

[6] These individuals include the Secretary of the Department of Public Safety and Corrections, the Warden, and former Wardens of EHCC, the Warden over treatment, administrative officials, and the medical director. R. Doc. 1, pp. 6-7. Poupart alleges that each of these defendants are legally responsible for the operations at EHCC and for the overall welfare of inmates at EHCC but does not state any specific facts about either the involvement of these individuals in the medical decisions about Poupart's care or state any specific policy any of these individuals is alleged to have established that caused a constitutional violation. *See* R. Doc. 1.

[7] Although Poupart cites *Bradley v. Puckett*, 157 F.3d 1022 (5th Cir. 1998) for the proposition that deprivation of adequate medical care and an adequate diet can form the basis of a deliberate indifference claim, in *Bradley*, the plaintiff provided a timeline of events and medical records to support his claims.

[8] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

complaint, Poupart must provide the details of his claims as explained below. Poupart is placed on notice that this lawsuit may be dismissed if he files another § 1983 lawsuit stating the same limited facts originally given without providing more details. The amended complaint must expressly address the following:

1) Explain what treatment has been given to you by whom, what requests regarding medication, diet, supplements, etc., you have personally made to whom, how and when those requests were made, what specific facts indicate which doctors knew that you were prescribed a particular diet/supplement/personal care products and any other details regarding personal interactions you have had with which doctors where they refused to treat you—it is very important that you provide an exact timeline of treatment, requests for treatment, symptoms you were experiencing, and to whom you made requests/complaints and when;[9]

2) Explain what policies and/or customs established by which Defendants caused you harm, if any, and how you believe those policies/customs caused you harm;

3) You allege "EHCC Medical Department and Administration" are aware of your health issues because of your sick call requests. What Defendants specifically handled your sick call requests and what was the outcome? If you have any other basis to show that any Defendant was personally aware of your medical treatment and/or diet, or of interruptions to your treatment and/or diet, please explain;

4) Regarding your equal protection claim, what protected class do you allege that you belong to, or are you alleging a "class of one" equal protection claim? If you are

---

[9] Clarification is also needed regarding some facts. For example, you say you "stopped eating the chow hall." R. Doc. 1, p. 10. Did you stop eating in the chow hall or did you stop eating, generally? If you stopped eating, generally, what did you eat and who did you tell that you were having problems attending chow hall?

3

alleging a class of one claim, provide facts to demonstrate you were intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment;[10]

5) To the extent you claim "D.O.C." retaliated against you by interfering with your special diet, medical treatment, and parole review, please provide the specific individuals who retaliated against you; the date you filed a complaint with the Louisiana Disabilities Department; the date your diet was changed and by whom; what in your medical treatment was changed, when, and by whom; and specifically who interfered with your parole proceedings and how;

6) To the extent you believe additional medical records may be useful to the Court, attach those records to your amended complaint.

Poupart is placed on notice than an amended complaint takes the place of the previous complaint.[11] His amended complaint will be the operative complaint for this lawsuit and must include all defendants, claims, and facts. Poupart is instructed to place the cause number "3:23cv275" on the amended complaint and on all documents that he files in this lawsuit.

**Poupart is also placed on notice that this lawsuit may be dismissed if he fails to timely comply with this Order.**

Signed in Baton Rouge, Louisiana, on April 11, 2024.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] *Engquist v. Oregon Dep't. of Agr.*, 553 U.S. 591, 601 (2008).
[11] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 740 (5th Cir. 1986).