UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL POUPART #357073                                  CIVIL ACTION

VERSUS

DONNIE BORDELON, ET AL.                          NO. 23-275-BAJ-EWD

RULING AND ORDER

Before the Court is Plaintiff Paul Poupart's *pro se* **Amended Complaint Pursuant to April 11, 2024, Ruling by United States Magistrate Judge Erin Wilder-Dooms Where Plaintiff Seeks a Jury Trial in the Matter as Relief from this Court (Doc. 11)**.

The Magistrate Judge issued a **Report and Recommendation (Doc. 17, the "Report")**, recommending that the Court dismiss Plaintiff's federal constitutional claims with prejudice for failure to state a claim, decline to exercise supplemental jurisdiction over his potential state law claims, and sever any unrelated claims arising from the conditions of his confinement. (Doc. 17 at 1). Plaintiff filed a timely Objection to the Report. (Doc. 18). For the reasons described below, the Court **APPROVES** the Magistrate Judge's Report and **ADOPTS** it as the Court's opinion in this matter.

I. BACKGROUND

After exhausting the administrative processes available to him, Plaintiff filed this *pro se* lawsuit against Defendants Donnie Bordelon, James LeBlanc, Stephanie Michel, Dr. Johnathon Roundtree, Dr. Hal MacMurdo, Dr. John Prejean,

Dr. Jane Doe, Kirt Guerin, Timothy Hooper, and John and Jane Doe(s) alleging constitutional violations resulting from the medical care provided to him at Elayn Hunt Correctional Center ("EHCC"). (*See* Docs. 1 and 11).¹

In his Amended Complaint Plaintiff alleges that EHCC fails to provide him with nutritionally adequate food. (Doc. 11 at 5). Due to a genetic gastrointestinal disorder, Plaintiff has a "J-Pouch," or an ileal pouch surgically placed at the end of his small intestine to replace the colon and rectum. (*Id.* at 144–145). Because of his medical condition, Plaintiff consistently received Boost/Ensure (nutritional supplements) from prison medical personnel from 2014 until 2020 or 2021. (*Id.* at 13). Subsequently, prison medical personnel stopped providing Boost/Ensure to Plaintiff, finding that the supplements were unnecessary given that Plaintiff's body mass index classified him as "overweight." (*Id.* at 153).² Plaintiff alleges that the food provided by the EHCC's cafeteria exacerbates his gastrointestinal condition. (*Id.* at 13, 27). To supplement the loss of Boost/Ensure, Plaintiff began purchasing "nutritious" meals from the "Who Dat Café" and "Vet's Concessions" within EHCC instead of eating at EHCC's cafeteria. (*Id.* at 27).

Plaintiff further alleges that EHCC fails to appropriately treat the regular infections that occur in the surgical area related to Plaintiff's J-Pouch. (Doc. 1 at 9–10). Plaintiff additionally claims that prison personnel did not provide him with adult

---

¹ Plaintiff identifies John and Jane Doe(s) as "Administration [*sic*] at Elayn Hunt Correctional Center." (Doc. 11 at 4).

² It is unclear based on Plaintiff's complaint whether Dr. Roundtree first discontinued the prescription of Boost/Ensure or whether this change occurred when Dr. MacMurdo took over Plaintiff's care in 2021.

2

wipes to clean the surgical area following bathroom visits. (Doc. 18 at 5). Prison medical personnel did, however, regularly prescribe Plaintiff the antibiotic Bactrim when he raised concerns of infection. (*See* Doc. 1; Doc. 11 at 15–22). Based on the screening permitted by 28 U.S.C. § 1915(e) and required by 28 U.S.C. § 1915A, the Report recommends that the Court dismiss Plaintiff's federal constitutional claims for failure to state a claim and decline to exercise supplemental jurisdiction over his potential state law claims. (Doc. 17 at 2). The Report further recommends that Plaintiff's unrelated claims about his conditions of confinement be severed from this lawsuit. (*Id.* at 2).

## II. DISCUSSION

Throughout his Objections, Plaintiff attempts to rehash arguments made in the Complaint(s). (*See* Docs. 1, 11, 18). The Magistrate Judge fully considered these claims and addressed them in the Report. The Court will not revisit the same arguments here. Instead, the Court will address Plaintiff's objections to the Magistrate Judge's findings in the Report.

The Court understands Plaintiff to present three main objections to the Magistrate Judge's Report. In his Objections, Plaintiff argues the following: (1) the Report did not provide the appropriate leniency granted to *pro se* litigants; (2) the Report's findings improperly foreclose Plaintiff's ability to raise his American with Disabilities Act (ADA) and Rehabilitation Act (RA) claims; and (3) the Report's recommendation that the Court dismiss Plaintiff's claims with prejudice improperly forecloses further litigation in state court. (*See* Doc. 18). The Court will address each

3

objection below.

### A. Leniency Provided to *Pro Se* Litigants.

Plaintiff contends that the Report does not provide him with the appropriate leniency granted to *pro se* litigants. Specifically, Plaintiff argues that the Report fails to take note of Plaintiff's "serious medical need" (Doc. 18 at 2), fails to consider applicable state law (*Id.* at 2–3), and erroneously expects Plaintiff to identify with specificity the liability of each named Defendant. (*Id.* at 3).[3] The Court will address each of these objections in turn.

The Report reveals adequate consideration of Plaintiff's medical condition and alleged harm.[4] The Court will not reiterate the findings of the Report here, but notes that the Report fairly considered Plaintiff's allegations. (Doc. 17 at 4).

Plaintiff is correct that the filings of *pro se* litigants are "entitled to liberal construction." *Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) ("[A] pro se complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal citations omitted). *Pro se* litigants, however, must "still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F/3d 467, 469 (5th Cir. 2016); *See also, Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)

---

[3] Plaintiff alleges that Louisiana Revised Statutes 14:403.2; 14:332; 14:120; and 14:93.4 apply in this case by way of 28 U.S.C. § 651. (Doc. 18 at 2–3). The Court struggles to understand this argument, as 28 U.S.C. § 651 is the first section of the Alternative Dispute Resolution Act of 1998 (28 U.S.C. §§ 651–658), which appears to have no relevance to Plaintiff's claims.

[4] Plaintiff reemphasizes in his objections that not being provided adult wipes causes him "irritation and pains." (Doc. 18 at 5). As discussed in the Report, irritation, pain, or discomfort alone do not meet the legal standard for a serious medical need. (Doc. 17 at 5–6).

4

("[R]egardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal citations omitted). In addition, *pro se* litigants are required to adequately brief all issues, *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), and abide by the Federal Rules. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

In his Objections, Plaintiff requests a hearing to "decide whether the EHCC prison officials are viable defendants in this action and whom is the proper party." (Doc. 18 at 6) [*sic*]. The Court is not permitted to assist a *pro se* litigant by suggesting potential arguments or causes of action. *Pliler v. Ford*, 542 U.S. 225, 231, 124 S.Ct. 2441, 2446 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants . . . Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers.").

Further, Plaintiff's status as a *pro se* litigant does not mean the Court must accept "naked assertions [of unlawful conduct] devoid of further factual enhancement" against all named Defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). As the Report made clear, Plaintiff has failed to make specific allegations against each named Defendant. (Doc. 17 at 8).

**B. ADA and RA Claims.**

Plaintiff argues that the Report's finding that he fails to state a claim under the ADA and RA improperly forecloses his ability to pursue those claims. (Doc. 18 at 4). Plaintiff continues that, should the Court adopt the Report's finding, he will

5

"suffer a violation of the state laws presented." (*Id.*) Confusingly, Plaintiff does not cite to any state laws in his Objections to the Report's ADA and RA finding. In support of his Objections, Plaintiff restates claims made in his Amended Complaint surrounding his medical treatment at EHCC. (*See Id.* at 4–5). There being no further arguments brought forth by Plaintiff on his ADA and RA claims, the Court agrees with the Report's conclusion that Plaintiff has failed to meet the legal threshold of stating a federal ADA/RA claim. (*See* Doc. 17 at 11).[5]

### C. Severability for State Malpractice Claim.

Plaintiff requests the Court dismiss his federal constitutional claims *without prejudice* to preserve a future state medical malpractice claim. (Doc. 18 at 4). The Court will deny this request. Dismissal is appropriate when "the Court concludes that Plaintiffs have stated their best case." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Plaintiff has already been provided the opportunity to amend his complaint in accordance with a specific series of questions provided by the Court. (*See* Doc. 7 at 3–4). Having considered Plaintiff's thorough answers already submitted to the Magistrate Judge's Instructions in his Amended Complaint, the Court agrees with the Report's finding that Plaintiff failed to state a claim for a federal constitutional violation related to the medical care of his J-Pouch. (Doc. 11, Doc. 17 at 8). Plaintiff's request for a dismissal without prejudice on his federal

---

[5] In the Report, the Magistrate Judge fully examined Plaintiff's claims under the ADA and RA. (Doc. 17 at 11). Therefore, the Court will not repeat that that analysis here.

constitutional claims will therefore be **DENIED**.[6]

### D. Additional Requests.

In addition to the above objections, Plaintiff asks the Court to grant him the opportunity to submit an addition his [First] Amended Complaint or, in the alternative, to order an evidentiary hearing to allow him to supply the Court with further support for his claims. (Doc. 18 at 6). The Court will deny these requests. As to Plaintiff's request for an additional opportunity to amend his [First] Amended Complaint, "a dismissal with prejudice is appropriate when amending a complaint would be futile." *Taubenfeld v. Hotels.com*, 385 F.Supp 2d. 587, 592 (N.D. Tex. 2004). As noted above, Plaintiff has already provided the Court with a plethora of documentation and information surrounding his claims. The Court therefore fails to see how an additional amendment at this stage would be anything other than futile.

Additionally, at this stage in the litigation, Defendants have not entered an appearance. To order an evidentiary hearing at this stage of the proceedings would be premature. *See Allen v. Leblanc,* No. CV 15-0600-SDD-EWD, 2016 WL 3199319, at *2 (M.D. La. Apr. 14, 2016), No. CV 15-600-SDD-EWD, 2016 WL 3221781 (M.D. La. June 8, 2016). In his [First] Amended Complaint, Plaintiff provided the Court with medical documentation to support his claims. (*See generally*, Doc. 11). Plaintiff was provided an additional opportunity to present the Court with support for his

---

[6] As discussed in Footnote 11 of the Report, Plaintiff's Amended Complaint did not address the concerns regarding his loss of eyesight or tooth decay raised in his original Complaint. (*See* Doc. 17 n.11). Consequently, the Court has not considered these concerns in its analysis, and these concerns are not dismissed with prejudice. Should Plaintiff exhaust all administrative options available to him regarding these concerns, he is free to initiate another suit regarding this medical treatment.

claims through his Objections to the Report. Despite this, Plaintiff has failed to bolster his allegations with jurisprudential support, and he has made no representations as to what remains to be presented. Thus, the Court concludes that an evidentiary hearing would be inappropriate at this stage, and Plaintiff's requests are **DENIED**.

Additionally, the Court cannot assist Plaintiff in determining what allegations would be most likely to succeed against each Defendant as requested. (Doc. 18 at 6). Plaintiff's request for a hearing on that subject is therefore **DENIED**.

### III. CONCLUSION

Having carefully considered Plaintiff's Complaint(s) (Docs. 1, 11) and Plaintiff's Objections to the Report (Doc. 18), the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Amended Complaint (Doc. 11)** be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(g).[7]

**IT IS FURTHER ORDERED** that the Court will **DECLINE** to exercise supplemental jurisdiction over potential state law claims.

**IT IS FURTHER ORDERED** that Plaintiff's claims pertaining to condition

---

[7] 28 U.S.C. § 1915(g) states "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

of confinement be **SEVERED** from this action. The Clerk of Court is directed to open a new action for these severed claims with the next available docket number.

Baton Rouge, Louisiana, this 7th day of August, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**